(116 App. Div. 790)

MALONEY v. KLEIN et al.

(Supreme Court, Appellate Division, Second Department.   January 11, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—RETURN OF EXECUTION.
    The fact that after the sheriff had advertised land for sale under ex-
ecution the creditor discovered that he would realize nothing because.of in-
cumbrances, and that at his request the sheriff abandoned the sale and
returned the execution unsatisfied, was no ground for the vacation of an
order for the examination of the judgment debtor.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, §§ 1108,
1142.]

Appeal from Westchester County Court.
Action by Annie Maloney against John S. Klein and another.  Ap-
peal by plaintiff from an order vacating an order for the examination
of defendants, against whom plaintiff had obtained judgment.   Re-
versed.
Argued before HIRSCHBERG, P. J., and WOODWARD, GAY-
NOR, RICH, and MILLER, JJ.
William Riley, for appellant.

PER CURIAM.   The order was regularly obtained and should not
have been vacated.   Presumably the statement on information and
belief in the affidavit of the judgment debtor that the execution was
returned unsatisfied at the request of the plaintiff's attorney caused it
to be vacated.   But there was no proof of the fact; and, if there had
been, it fully appears that a sale of the real estate which one of the
judgment debtors owns would realize nothing, owing to the large in-
cumbrances on it.   That the sheriff advertised the sale of it and then
abandoned it does not matter.   The plaintiff is not obliged to resort
to a sale that would probably only result in an expense to him.   More-
over, the return of the sheriff, until impeached, is conclusive.
The order should be reversed.

Order of the County Court of Westchester county reversed, with $10 costs
and disbursements, and motion denied, with costs.   All concur.